FILED _____ LODGED
_____ RECEIVED

MAR 2 0 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>F.O.F INC,<br><br><br>    Defendant. | CIVIL ACTION NO.<br>**C09-5015JKA**<br><br>**CONSENT DECREE**<br><br>**HYLEBOS WATERWAY<br>PROBLEM AREAS** |

## TABLE OF CONTENTS

A. BACKGROUND ............................................................................................3

B. JURISDICTION...........................................................................................8

C. PARTIES BOUND ......................................................................................8

D. STATEMENT OF PURPOSE ........................................................................8

E. DEFINITIONS ............................................................................................ 9

F. PAYMENT .................................................................................................13

G. FAILURE TO COMPLY WITH CONSENT DECREE ....................................:17

H. CERTIFICATION OF SETTLING DEFENDANT AND

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 1 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

SETTLING FEDERAL AGENCIES.........................................................................19

I. COVENANT NOT TO SUE BY UNITED STATES ...........................................24

J. RESERVATIONS OF RIGHTS BY UNITED STATES .....................................27

K. COVENANT NOT TO SUE BY SETTLING DEFENDANT...........................30

L. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION....................31

M. RETENTION OF JURISDICTION ....................................................................32

N. INTEGRATION/APPENDICES ..........................................................................32

O. PUBLIC COMMENT...........................................................................................33

P. EFFECTIVE DATE................................................................................................33

Q. SIGNATORIES/SERVICE...................................................................................34

## A. BACKGROUND

1.      As a result of the release or threatened release of hazardous substances at or from the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington ("CB/NT Site"), the U.S. Environmental Protection Agency ("EPA") and other governmental and private entities have undertaken response actions at or in connection with the CB/NT Site under Section 104 and Section 106 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9604 and 9606, and will undertake response actions in the future. In performing these response actions, EPA and other governmental and private entities have incurred and will continue to incur Response Costs at or in connection with the CB/NT Site.

2.      On September 8, 1983, EPA placed the CB/NT Site on the National Priorities List pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

3.      Under a Cooperative Agreement with EPA, the Washington Department of Ecology (Ecology) conducted a Remedial Investigation and Feasibility Study (RI/FS) of the CB/NT Site. Within the Tideflats area of the CB/NT Site, the RI/FS evaluated the nature and extent of contamination in the Sitcum, Blair, Milwaukee, Hylebos, St. Paul, Middle, Thea Foss

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 2 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

1   (formerly known as City), and Wheeler-Osgood Waterways. Pursuant to Section 117 of
2   CERCLA, 42 U.S.C. § 9617, EPA published notice of completion of the Feasibility Study and
3   of the proposed plan for remedial action for the CB/NT Site in February 1989.

4       4.   Because of the complexity of the CB/NT Site, Superfund response actions at the
5   CB/NT Site are currently coordinated under seven operable units managed primarily by EPA and
6   Ecology, including: (1) Operable Unit 01 - CB/NT Sediments; (2) Operable Unit 02 - ASARCO
7   Tacoma Smelter; (3) Operable Unit 03 - Tacoma Tar Pits; (4) Operable Unit 04 - ASARCO Off-
8   Property; (5) Operable Unit 05 - CB/NT Sources; (6) Operable Unit 06 - ASARCO Sediments;
9   and (7) Operable Unit 07 - ASARCO demolition.

10      5.   On September 30, 1989, EPA issued a Record of Decision (ROD) that selected
11  the remedy for remediation of sediments, OU1, and sources of contamination, OU5. The ROD
12  identified eight (8) problem areas within OU1 that required sediment cleanup. The eight
13  problem areas were the Head and Mouth of the Hylebos Waterway, Sitcum Waterway, St. Paul
14  Waterway, Middle Waterway, Head and Mouth of the Thea Foss Waterway (formerly City
15  Waterway), and Wheeler-Osgood Waterway. Notice of the final plan was published in
    accordance with Section 117(b) of CERCLA.

16      6.   EPA determined in the ROD that there were five major elements of the selected
17  remedy for the CB/NT Site sediments and sources that will be applied, as appropriate, to each
18  problem area:

19      7.   <u>Site Use Restrictions</u> - To protect human health by limiting access to edible
20  resources prior to and during implementation of source and sediment remedial activities.

21      8.   <u>Source Control</u> - To be implemented to prevent recontamination of sediments.

22      9.   <u>Natural Recovery</u> - Included as a preferred remediation strategy for marginally
23  contaminated sediments that are predicted to achieve acceptable sediment quality through either
24  biodegradation, or burial and mixing with naturally accumulating clean sediments within a ten
    (10) year period.

25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

10.  Sediment Remedial Action - To address sediments containing contamination that is not expected to naturally recover within 10 years. The ROD required active sediment cleanup using one of the following four technologies: in-place capping, dredging and confined aquatic disposal, dredging and nearshore disposal, or dredging and upland disposal. The disposal option is to be identified during design of the remedial action.

11.  Source and Sediment Monitoring - To refine cleanup volume estimates, characterize the effectiveness of source controls, and implement long-term monitoring of the remedial action(s) to ensure long-term protectiveness of the remedy.

12.  Under a State Cooperative Agreement, EPA and the Washington Department of Ecology agreed that Ecology would implement OU5 source control actions using state law authorities and EPA would stay in the lead for implementing the sediment cleanup, OU1.

13.  This Consent Decree involves settlement of claims for recovery of Response Costs associated with the Mouth and Head of the Hylebos Waterway Problem Areas. The ROD determined that natural recovery will not sufficiently reduce contaminant concentrations in some areas of the Mouth and Head of the Hylebos Waterway within the ten (10) year period, so the ROD required active sediment cleanup with one (1) of the four (4) technology options of the remedy.

14.  On November 29, 1993, six entities (collectively known as the Hylebos Cleanup Committee or "HCC") entered into an Administrative Order on Consent ("HCC AOC") with EPA for the preparation of, performance of, and reimbursement of oversight costs for Pre-remedial Design Activities for the Hylebos Waterway Problem Areas. The objectives of the HCC AOC were: (1) to perform pre-remedial design work for the Hylebos Waterway consistent with the ROD; (2) to perform analyses and studies needed by EPA to select a Remediation Plan, including an acceptable confined disposal site and any necessary mitigation which attains Sediment Quality Objectives identified in the ROD, and all applicable or relevant and appropriate requirements; and (3) provide for recovery by EPA of its response and oversight

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

costs incurred with respect to the implementation of this Order. By letter dated November 8, 2001, EPA confirmed that all activities required by the HCC Order were performed, except remaining oversight billings, in accordance with Section XXVI of the HCC Order.

15. On August 3, 2000, EPA issued an Explanation of Significant Differences (ESD), in compliance with Section 117(c) of CERCLA that explains differences in the Remedial Action that significantly change, but do not fundamentally alter, the remedy selected in the ROD. The ESD addressed cleanup plans for two waterways within the CB/NT Site, selected disposal sites for all remaining contaminated sediment to be dredged and confined from the CB/NT Site, provided additional performance standards, and documented other differences from the ROD. Based on the studies and analysis conducted under the HCC AOC with respect to the Hylebos Waterway, the ESD provides details for: the cleanup of the areal extent of sediment contamination in the Hylebos Waterway and the estimated volume of sediment that requires remediation; designation of areas that are projected to naturally recover within 10 years of remedial action; EPA's decision to dispose of contaminated sediments in Blair Slip 1 and an upland regional landfill; performance standards for mitigation for the Remedial Action; and the estimated cost of the Remedial Action at the Hylebos Waterway. Notice and public comment were taken on the ESD and notice of the final ESD was published in accordance with Section 117(c) of CERCLA.

16. The Settling Defendant and other parties entered into an allocation agreement which established a process by which a third-party, neutral allocator would determine shares of liability for all potentially responsible parties associated with the Hylebos Waterway Problem Areas. The allocator's report, titled "Hylebos Waterway-Allocator's Final Cost Allocation Formula Report, dated May 22, 2000 ("Allocator's Report"), assessed the Settling Defendant's share of Response Costs and formed a basis for this settlement. EPA independently reviewed the Allocator's Reports and other pertinent information, and, as to the Settling Defendant, accepts the allocator's numerical allocation for purposes of this settlement.

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 5 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

17. The Settling Defendant does not admit any liability arising out of the transactions or occurrences alleged to have occurred in connection with the Hylebos Waterway Problem Areas within the CB/NT Site. In a consent decree entered in the U.S. District Court for the Western District of Washington on May 28, 1997 in United States, et al. v. the City of Tacoma and the Tacoma Public Utility, Civil Action No. C97-5336 RJB, the City of Tacoma and Tacoma Public Utilities resolved their liability for damages for injury to natural resources under federal, state and tribal trusteeship resulting from the release of hazardous substances at the CB/NT Site.

18. In a consent decree entered in the U.S. District Court for the Western District of Washington on February 26, 2003 in United States v. Mary Jane Anderson, et al., Civil Action No. C03-5107-RBL, a number of potentially responsible parties identified at the Hylebos Waterway Problem Areas within the CB/NT Site resolved their liability for their share of investigative and remediation costs resulting from the release of hazardous substances at the Hylebos Waterway Problem Areas within the CB/NT Site.

20. In a consent decree entered in the U.S. District Court for the Western District of Washington on June 2, 2004 in United States v. Atofina Chemicals, Inc. and General Metals of Tacoma, Inc., Civil Action No. C04-5319-RBL, Atofina and General Metals agreed, inter alia, to conduct and finance the Remedial Design and Remedial Actions selected by EPA for the Head of the Hylebos Waterway Problem Area within the CB/NT Site.

21. In a consent decree entered in the U.S. District Court for the Western District of Washington on March 15, 2005 in United States v. Port of Tacoma, et al., Civil Action No. C05-5103 FDB, the Port of Tacoma and Occidental Chemical Corporation agreed, inter alia, to conduct and finance the Remedial Design and Remedial Actions selected by EPA for the Mouth of the Hylebos Waterway Problem Area within the CB/NT Site.

22. The United States has reviewed the Financial Information submitted by FOF to determine whether FOF is financially able to pay response costs incurred and to be incurred at

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 6 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

the Site. Based upon this Financial Information, the United States has determined that FOF is able to pay the amounts specified in this Consent Decree.

23. The United States filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Hylebos Waterway Problem Areas within the CB/NT Site. The Settling Defendant that has entered into this Consent Decree does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint.

24. The United States and Settling Defendant agree, and by entering this Consent Decree, this Court finds that settlement without further litigation and without the admission or adjudication of any issue of fact or law is in the public interest and is the most appropriate means of resolving this action with respect to Settling Defendant, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Consent Decree, it is ORDERED, ADJUDGED, and DECREED:

## B. JURISDICTION

25. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b), and also has personal jurisdiction over the Settling Defendant. Settling Defendant consents to and shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## C. PARTIES BOUND

26. This Consent Decree is binding upon the United States and the Settling Defendant and its heirs, successors and assigns. Any change in ownership or corporate or other legal status of Settling Defendant, including but not limited to, any transfer of assets or real or personal

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 7 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

property shall in no way alter Settling Defendant's responsibilities under this Consent Decree. This Consent Decree does not bind any person or State agency that is not a party to it.

## D. STATEMENT OF PURPOSE

27.    By entering into this Consent Decree, the mutual objectives of the Parties are:

A.    to reach a final settlement among the Parties pursuant to Section 122 of CERCLA, 42 U.S.C. § 9622, by allowing Settling Defendant to make a cash payment to resolve its alleged civil liability under Sections 106 and 107 of CERCLA, 42 U.S.C. §§ 9606 and 9607 for injunctive relief with regard to the Hylebos Waterway Problem Areas, and for Response Costs incurred and to be incurred at or in connection with the Hylebos Waterway Problem Areas, and subject to the Reservation of Rights by the United States in Section XI; and to resolve the claims of the Settling Defendant which have been or could have been asserted against the United States with regard to this Site as provided in this Consent Decree, thereby reducing litigation relating to the Hylebos Waterway Problem Areas;

B.    to simplify any remaining administrative and judicial enforcement activities concerning the Hylebos Waterway Problem Areas by reducing the number of potentially responsible parties from further involvement at the Hylebos Waterway Problem Areas with respect to Response Costs; and

C.    to obtain settlement with Settling Defendant and EPA for reimbursement of a portion of Response Costs incurred and to be incurred at or in connection with the Hylebos Waterway Problem Areas by the EPA Hazardous Substance Superfund and by private parties, and to provide for contribution protection for Settling Defendant and the United States with regard to the Response Costs, pursuant to Sections 113(f)(2) and 122 of CERCLA, 42 U.S.C. §§ 9613(f)(2) and 9622, and as set forth in Paragraph 47 of this Consent Decree.

## E. DEFINITIONS

28.    Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

meaning assigned to them in the statute or regulations. Whenever the terms listed below are used in this Consent Decree, the following definitions shall apply:

A. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

B. "Consent Decree" or "Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

C. "Commencement Bay Nearshore/Tideflats Superfund Site" ("CB/NT Site") shall mean the entire Commencement Bay Nearshore/Tideflats Superfund Site and project area, including contaminated sediments and sources of contamination within the CB/NT Site, located in the City of Tacoma, Pierce County, Washington, and as defined in the CB/NT Record of Decision, dated September 30, 1989.

D. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

E. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies, or instrumentalities.

F. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

G. "Financial Information" shall mean those documents submitted by FOF on [date[ in response to EPA's [date] Request for Information submitted to FOF pursuant to the authorities contained in Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

H. "Hylebos Waterway Problem Areas" and/or "Site" shall mean all areas in which contaminated sediments are located, intertidal and subtidal, that require remedial action at and adjacent to the Mouth and the Head of the Hylebos Waterway, which are two of eight Problem Areas only within OU1 of the CB/NT Site. These Problem Areas are described in the

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 9 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

CB/NT Site Record of Decision, dated September 30, 1989, and are more specifically delineated in the Figures 3A, 3B, and 3C in the August 3, 2000 ESD. These terms do not include property which is the subject of OU5, which encompasses upland properties adjacent to the Hylebos Waterway that are past, present or future sources of hazardous substances to the Hylebos Waterway Problem Areas.

      I.     "Hylebos Waterway Problem Areas Special Account" shall mean the special account established at the Site by EPA pursuant to Section 122(b)(3) of CERCLA, 42 U.S.C. §9622(b)(3), and created by the Consent Decree entered in <u>U.S. v. Bay Chemical Company, et al</u>, C99-5521 (RJB), by the U.S. District Court for the Western District of Washington on June 23, 2000.

      J.     "Interest" shall mean interest at the current rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues.

      K.     "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

      L.     "Parties" shall mean the United States and the Settling Defendant.

      M.     "Section" shall mean a portion of this Consent Decree identified by a roman numeral.

      N.     "Settling Defendant" shall mean F.O.F. Inc., formerly known as F.O. Fletcher, Inc., and F.O. Fletcher Partnership ed ("FOF").

      O.     "Record of Decision" or "ROD" shall mean the EPA Record of Decision relating to the Site signed on September 30, 1989, by the Regional Administrator, EPA Region 10, all attachments thereto and incorporating all significant differences thereto documented in the ESD issued on July 28, 1997 and the ESD issued on August 3, 2000. The 2000 ESD may be

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 10 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

1  referred to or discussed individually or separately from the 1989 ROD in this Consent Decree
2  where appropriate.

3      P.      "Response Costs" shall mean all costs of "response" as that term is
4  defined by Section 101(25) of CERCLA, 42 U.S.C. §9601(25), and incurred in connection to the
5  Hylebos Waterway Problem Areas.  Response Costs shall also include any CB/NT area-wide
6  site costs billed to the CB/NT area-wide account that EPA may attribute or allocate to the
7  Hylebos Waterway Problem Areas.  Response Costs shall not include costs related to upland
8  hazardous waste cleanups and/or source control which were incurred by any entity.  The phrase
9  "past Response Costs" shall mean all costs incurred through September 30, 2001, including
10  interest thereon.  The phrase "future Response Cost" shall mean all Response Costs other than
   past Response Costs.

11      Q.      "United States" shall mean the United States of America, including all of
12  its departments, agencies, and instrumentalities, which includes without limitation EPA, the
13  Settling Federal Agencies and any federal natural resources trustee.

14                              F.  PAYMENT

15      29.      Within forty-five (45) days of entry of this Consent Decree, Settling Defendant
16  shall pay $250,000.00 in payment for Response Costs.  Payment shall be made by FedWire
17  Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with
18  current EFT procedures, referencing USAO File Number _____, EPA Site/Spill ID Numbers
19  108N and 109T, and DOJ Case Number 90-11-2-726/5.  Payment shall be made in accordance
20  with instructions provided to the Settling Defendant by the Financial Litigation Unit of the
21  United States Attorney's Office for the Western District of Washington following lodging of the
22  Consent Decree.  Any payments received by the Department of Justice after 4:00 p.m. (Eastern
23  Time) will be credited on the next business day.  The total amount to be paid by Setting
24  Defendant pursuant to this paragraph shall be deposited in the Hylebos Waterway Problem Areas
25  Special Account within the EPA Hazardous Substance Superfund to be retained and used to

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 11 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611

1  conduct or finance response actions at or in connection with the Hylebos Waterway Problem

2  Areas, or to be transferred by EPA to the EPA Hazardous Substance Superfund.

3      30.     Settling Defendant's payment includes an amount for:

4          A.      past Response Costs incurred at or in connection with the Hylebos

5  Waterway Problem Areas; and

6          B.      future Response Costs to be incurred at or in connection with the Site.

7      31.     At the time of payment under Paragraph 29 or, if applicable Paragraph 32 below,

8  Settling Defendant shall send notice that such payment has been made to:

9  Chief, Environmental Enforcement Section
   United States Department of Justice
10 DJ No. 90-11-2-726
   P.O. Box 7611
11 Washington, D.C.  20044-7611

12 Ted Yackulic
   Assistant Regional Counsel
13 Office of Regional Counsel
   United States Environmental Protection Agency, Region 10
14 ORC-158, 1200 Sixth Avenue
   Seattle, Washington 98101
15
   Jonathan Williams
16 Remedial Project Coordinator
   United States Environmental Protection Agency, Region 10
17 ECL-113
   1200 Sixth Avenue
18 Seattle, Washington  98101

19 Servicing Finance Office
   U.S. EPA Finance Center
20 MS-NWD
   Cincinnati, OH  45268

21

22          G. FAILURE TO COMPLY WITH CONSENT DECREE

23      32.     A.      If Settling Defendant fails to make full payment of its Total Payment

24 Amount specified in within the time required by Paragraph 29, Interest shall begin to accrue on

25 the effective date of this Consent Decree on Settling Defendant's unpaid balance through the

CONSENT DECREE                                  United States Department of Justice
Commencement Bay Nearshore/Tideflats           Environment and Natural Resources Division
Superfund Site                                  Environmental Enforcement Section
                                                                    P.O. Box 7611
Page 12 of 25                                                    Ben Franklin Station
                                                          Washington, D.C.  20044-7611

1  date of payment, and Settling Defendant shall pay stipulated penalties of $1,000 per day for each

2  day such payment is late.

3            B.  Stipulated penalties are due and payable within 30 days of the date of the

4  demand for payment of the penalties by EPA.  All payments of stipulated penalties made under

5  this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or

6  cashier's check made payable to "EPA Hazardous Substance Superfund" and shall be deposited

7  in the Hylebos Waterway Problem Areas Special Account within the EPA Hazardous Substance

8  Superfund to be retained and used to conduct or finance the response action at or in connection

9  with the Hylebos Waterway Problem Areas.  After certification of completion of the Hylebos

10  Waterway remedial action, any balance remaining in the Hylebos Waterway Problem Areas

11  Special Account shall be transferred by EPA to the EPA Hazardous Substance Superfund.  The

12  check, or the letter accompanying the check, shall reference the name and address of the

13  party(ies) making the payment, the Site name, the site/spill identification numbers 108N and

14  109T, and DOJ Case Number 90-11-2-726/5 and shall be sent to:

U.S. Environmental Protection Agency
Superfund Payments
Cincinnati Finance Center
P.O. Box 979076
St. Louis, MO 63197-9000

17

18            33.     If the United States brings an action to enforce this Consent Decree against

19  Settling Defendant, Settling Defendant shall reimburse the United States for all costs of such

20  action, including but not limited to costs of attorney time.  Payments made under this Section

21  shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling

22  Defendant's failure to comply with the requirements of this Consent Decree.  Notwithstanding

23  any other provision of this Section, the United States may, in its unreviewable discretion, waive

24  payment of any portion of the stipulated penalties that have accrued pursuant to this Consent

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611

Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section F or from performance of any other requirements of this Consent Decree.

## H. CERTIFICATION OF SETTLING DEFENDANT

34. By signing this Consent Decree, Settling Defendant certifies that, to the best of its knowledge and belief, it has:

A. conducted a thorough, comprehensive, good faith search for documents, and has fully and accurately disclosed to EPA and/or the Allocator, all information currently in its possession, or in the possession of its officers, directors, employees, contractors, or agents, which relates in any way to identifying who owned, operated, or controlled the Site, or (2) to the ownership, possession, generation, treatment, transportation, storage, or disposal of a hazardous substance, pollutant, or contaminant at or in connection with the Site;

B. no information that would suggest that its contributions of hazardous substances, pollutants, or contaminants to one or both of the Hylebos Waterway Problem Areas was greater or significantly different than determined in the Allocator Report;

C. not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, documents, or other information relating to its potential liability regarding the Site after notification of potential liability or the filing of a suit against it regarding the Site; and

D. fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e).

35. The certifications contained in Paragraph 34 inure only to the benefit of the United States and the Settling Defendant, and not to any other parties.

## I. COVENANT NOT TO SUE BY UNITED STATES

36. Covenant Not to Sue Settling Defendant by United States. In consideration of the payments and commitments that will be made by the Settling Defendant under the terms of the Consent Decree, and except as specifically provided in Paragraphs 37 and 38 of this Section, the

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 14 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

1 United States covenants not to sue or to take administrative action against Settling Defendant
2 pursuant to Sections 106 and 107(a) of CERCLA and Section 7003 of RCRA relating to the Site.
3 With respect to present and future liability, this covenant not to sue shall take effect for Settling
4 Defendant upon receipt by the United States from that Settling Defendant of Settling
5 Defendant's payments required by Section F (Payment) and any amount due under Section G
6 (Failure to Comply with Consent Decree). These covenants are conditioned upon the satisfactory
7 performance by Settling Defendant of its obligations under this Consent Decree and the veracity
8 of the information provided to EPA and/or the Allocator by Settling Defendant relating to
9 Settling Defendant's involvement with the Hylebos Waterway Problem Areas. This covenant not
10 to sue is also conditioned upon the veracity and completeness of the Financial Information
11 provided to EPA by Settling Defendant. If the Financial Information is subsequently determined
12 by EPA to be false or, in any material respect, inaccurate, Settling Defendant shall forfeit all
13 payments made pursuant to this Consent Decree and this covenant not to sue and the contribution
14 protection in Paragraph 47 shall be null and void. Such forfeiture shall not constitute liquidated
15 damages and shall not in any way foreclose the United States' right to pursue any other causes of
16 action arising from Settling Defendant's false or materially inaccurate information. These
17 covenants not to sue extend only to the Settling Defendant and do not extend to any other person.

18     37. <u>United States' Pre-certification Reservations</u>. Notwithstanding any other
19 provision of this Consent Decree, the United States reserves, and this Consent Decree is without
20 prejudice to, its right to institute proceedings in this action or in a new action, or to issue an
21 administrative order seeking to compel Settling Defendant,

    A.      to perform further response actions relating to the Site or

    B.      to reimburse the United States for additional costs of response if, prior to
Certification of Completion of the Remedial Action:

        1.      conditions at the Site, previously unknown to EPA, are discovered,
or

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 15 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

2. information, previously unknown to EPA, is received, in whole or in part, and these previously unknown conditions or information together with any other relevant information indicates that the Remedial Action is not protective of human health or the environment.

38, <u>United States' Post-certification Reservations</u>. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, its right to institute proceedings in this action or in a new action, or to issue an administrative order seeking to compel Settling Defendant,

A. to perform further response actions relating to the Site or

B. to reimburse the United States for additional costs of response if, subsequent to Certification of Completion of the Remedial Action:

1. conditions at the Site, previously unknown to EPA, are discovered, or

2. information, previously unknown to EPA, is received, in whole or in part, and these previously unknown conditions or this information together with other relevant information indicate that the Remedial Action is not protective of human health or the environment.

39. For purposes of Paragraph 37, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of the August, 2000 ESD (August 3, 2000) and set forth in the Record of Decision, as modified by the July 1997 and August 2000 ESD, and the administrative records supporting the Record of Decision and the ESD or contained in EPA-approved remedial design documents as of the effective date of this Consent Decree. For purposes of Paragraph 38, the information and the conditions known to EPA shall include only that information and those conditions known to EPA as of the date of Certification of Completion of the Remedial Action and set forth in the Record of Decision, the administrative records supporting the Record of Decision and July, 1997 and August, 2000 ESD, the post-ROD administrative record, or in any information received by EPA

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 16 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

1   pursuant to the requirements of an Order or Consent Decree for Remedial Design and Remedial

2   Action with other parties prior to Certification of Completion of the Remedial Action.

3                      J. RESERVATIONS OF RIGHTS BY UNITED STATES

4          40.    The covenant not to sue by the United States set forth in Paragraph 36 does not

5   pertain to any claims other than those expressly specified in Paragraph 36, including but not

6   limited to any civil or criminal claims under other statutes or under other Sections of CERCLA.

7   The United States also reserves, and this Consent Decree is without prejudice to, all rights

    against Settling Defendant with respect to the following claims under Section 106 or 107 of

8   CERCLA:

9          A.     liability for failure to meet a requirement of this Consent Decree,

10  including, but not limited to payment of stipulated penalties or Interest pursuant to Section F of

11  this Decree;

12         B.     liability of the Settling Defendant for their proportionate share of future

13  Response Costs under the conditions and in accordance with the terms specified in Section VI,

14  6.c.(ii) of the Consent Decree entered in U.S. District Court for the Western District of

15  Washington on February 26, 2003 in United States v. Mary Jane Anderson, et al., Civil Action

16  No. C03-5107-RBL, and under the conditions and in accordance with the terms of this Consent

17  Decree;

18         C.     liability arising from the past, present, or future disposal, release, or

19  potential threat of a release of a hazardous substance, pollutant, or contaminant to areas outside

20  of the Hylebos Waterway Problem Areas, including releases to upland properties adjacent to the

21  Hylebos Waterway Problem Areas that have not migrated into the Hylebos Waterway Problem

22  Areas as of the date this Consent Decree is lodged with the Court;

23         D.     criminal liability;

24

25

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 17 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

E. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments within or outside of the Hylebos Waterway Problem Areas; or

F. liability arising from the future release or potential threat of a release of a hazardous substance, pollutant, or contaminant at or in the Hylebos Waterway Problem Areas after the date of lodging of this Consent Decree.

41. Notwithstanding any other provision in this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reopen or institute proceedings against Settling Defendant in this action or in a new action, to reimburse the United States for Response Costs, and/or to issue an administrative order to Settling Defendant seeking to compel Settling Defendant to perform response actions relating to the Hylebos Waterway Problem Areas, and/or to reimburse the United States for additional costs of response if:

A. the United States finds that Settling Defendant's Certifications made in Section H of this Decree are untrue or inaccurate in a material way; or

B. information is discovered that indicates that such individual Settling Defendant contributed hazardous substances to the Hylebos Waterway Problem Areas in such greater amount or such greater toxic or other hazardous effects that EPA determines that the discovered information materially changes the basis for entering into this settlement with the particular Settling Defendant.

42. Notwithstanding any other provision in this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to institute proceedings against any individual Settling Defendant in this action or in a new action to reimburse the United States for Response Costs, and/or to issue an administrative order to any individual Settling Defendant seeking to compel that Settling Defendant to perform response actions relating to any other Problem Area or portion of the CB/NT Site.

K. COVENANT NOT TO SUE BY SETTLING DEFENDANT

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 18 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

43. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States or its contractors or employees with respect to the remedial action at the Hylebos Waterway Problem Areas or this Consent Decree, including, but not limited to:

A. any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

B. any claim against the United States arising out of response activities at the Hylebos Waterway Problem Areas, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

C. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Hylebos Waterway Problem Areas.

44. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. Part 300.700(d).

45. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against any other Settling Defendant with regard to the matters addressed by this Consent Decree pursuant to Sections 107 or 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613.

L. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

46. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The United States and Settling Defendant each reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Hylebos Waterway Problem Areas or the CB/NT Site against any person not a party to this Consent Decree, except

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 19 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

as provided below. If Settling Defendant seeks to bring a new action in connection with the Hylebos Waterway Problem Areas, excepting an action brought by Settling Defendant against its insurance carrier, Settling Defendant agrees to notify the United States at least sixty (60) days prior to the commencement of the action, and concurrently to provide to EPA all information in its possession relating to the person's involvement at the Hylebos Waterway Problem Areas.

47. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of Response Costs, or other relief relating to the Hylebos Waterway Problem Areas, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised in the subsequent proceeding were or should have been brought in the instant action; provided, however, that nothing in this Paragraph affects the enforceability of the covenant not to sue included in Paragraph 36.

48. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken and to be taken by the United States or by any other entity, and Response Costs incurred in connection with the Hylebos Waterway Problem Areas, including past and future Response Costs incurred and to be incurred by the United States, and past and future Response Costs incurred by any other entities in connection with the Hylebos Waterway Problem Areas. "Matters addressed" does not include any claims under contractual indemnities or any other private contractual obligations. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which the United States has reserved its rights under this Consent Decree (except for claims for failure to

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 20 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

1 | comply with this Decree), in the event that the United States asserts rights against Settling

2 | Defendant coming within the scope of such reservations.

3 | ## M. RETENTION OF JURISDICTION

4 | 49.    This Court shall retain jurisdiction over this matter for the purpose of interpreting

5 | and enforcing the terms of this Consent Decree.

6 | ## N. INTEGRATION/APPENDICES

7 | 50.    This Consent Decree constitutes the final, complete, and exclusive agreement and

8 | understanding among the Parties with respect to the settlement embodied in this Consent Decree.

9 | The Parties acknowledge that there are no representations, agreements, or understandings

10 | relating to the settlement other than those expressly contained in this Consent Decree.

11 | ## O. PUBLIC COMMENT

12 | 51.    This Consent Decree shall be lodged with the Court for a period of not less than

13 | thirty (30) days for public notice and comment.  The United States shall file with the Court any

14 | written comments received and the United States' response thereto.  The United States reserves

15 | the right to withdraw or withhold its consent if comments regarding the Consent Decree disclose

16 | facts or considerations that indicate that this Consent Decree is inappropriate, improper, or

17 | inadequate.  Settling Defendant consents to entry of this Consent Decree without further notice,

18 | and the United States reserves the right to oppose an attempt by any person to intervene in this

19 | civil action.

20 | ## P. EFFECTIVE DATE

21 | 52.    The effective date of this Consent Decree shall be the date of entry by this Court,

22 | following public comment pursuant to Paragraph 51.

23 | ## Q. SIGNATORIES/SERVICE

24 | 53    The undersigned representative of Settling Defendant to this Consent Decree and

25 | the Assistant Attorney General for the Environment and Natural Resources Division of the

United States Department of Justice, or her delegate, certifies that he or she is fully authorized to

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 21 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611

enter into the terms and conditions of this Consent Decree and to execute and bind legally such party to this document.

54. The Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

55. The Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service including, but not limited to, service of a summons, in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court.

SO ORDERED THIS _20th_ DAY OF _March_ 2009.

UNITED STATES DISTRICT JUDGE

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 22 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v. F.O. F. Inc</u>, relating to the Hylebos Waterway Problem Areas, within the Commencement Bay Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

**FOR THE UNITED STATES OF AMERICA**

Date: Dec. 15, 2008

*Michael McNulty*

MICHAEL J. MCNULTY
Attorney
Environmental Enforcement Section
Environmental and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-1210

United States Attorney for the
Western District of Washington

Date: **January 13, 2008**     **//s// Brian Kipnis**

Assistant United States Attorney
700 Stewart Street
Suite 5220
Seattle, WA 98101
(206) 553-7970

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

Date: 3 Nov. 2008

DANIEL D. OPALSKI
Director, Environmental Cleanup Office
Region 10
U.S. Environmental Protection Agency
1200 Sixth Avenue
Seattle, Washington 98101

Date: 3 Nov 2008

TED YACKULIC
Assistant Regional Counsel
U.S. Environmental Protection
  Agency
1200 Sixth Avenue
Seattle, Washington 98101

CONSENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 24 of 25

United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

1  THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>United States v.</u>
   <u>F.O. F. Inc.</u>  relating to the Hylebos Waterway Problem Areas within the Commencement Bay
2  Nearshore/Tideflats Superfund Site in the City of Tacoma, Pierce County, Washington:

3                                          **FOR F.O.F. INC.**

4

5  Date: __28 Aug 2008__        Signature: __Sally Stark__
                                 Name:    Sally Stark
6                                Title: President
                                 Address:
7                                     471 N. Curtis Rd
                                      Boise, ID 83706
8

9  Agent Authorized to Accept Service on Behalf of Above-Signed Party:

10

11                              Name:  Patrick M. Paulich
                                Title:  Attorney
12                              Address: 1325 Fourth Avenue, Suite 1300
                                Phone Number: Seattle, WA  98101
13                                      206.386.7755

14

15

16

17

18

19

20

21

22

23

24

25

CONSTENT DECREE
Commencement Bay Nearshore/Tideflats
Superfund Site

Page 25 of 25

                                        United States Department of Justice
                               Environment and Natural Resources Division
                                        Environmental Enforcement Section
                                                         P.O. Box 7611
                                                    Ben Franklin Station
                                           Washington, D.C.  20044-7611